KENNETH LEE STEVENS *v.* STATE OF INDIANA.

[No. 477S279. Filed February 2, 1978.]

*Thomas G. Krochta, Esquire, Messrs. Rice & Vanstone,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Alembert W. Brayton,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was charged with first degree murder. He was convicted by a jury of second degree murder and sentenced to a term of 15 to 25 years.

The record reveals the appellant had been barhopping on the night of June 5, 1976, and that sometime after midnight he was informed that his estranged wife and the decedent,

Phelps, were at another bar and were planning to leave together. Between 3:00 a.m. and 3:30 a.m., appellant entered his mother-in-law's home and witnessed his estranged wife and Phelps together in bed. A struggle ensued in which Phelps was stabbed approximately eighteen times resulting in his death.

The sole allegation of error on appeal is that the trial judge erred in overruling appellant's motion to dismiss the charges of first and second degree murder on the grounds that the State "purposely, negligently and carelessly" suppressed a tape recording of appellant's waiver of his *Miranda* rights. Appellant argues that he was denied due process because the tape was material and exculpatory in that it would show he was too intoxicated at the time the crime occurred to formulate the requisite intent for murder. It appears from the record that the tape was garbled and that appellant's language was difficult to understand.

Voluntary intoxication is no defense in criminal proceedings unless it can be shown that the accused was so intoxicated as to be incapable of formulating the requisite intent. *Snipes* v. *State*, (1974) 261 Ind. 581, 307 N.E.2d 470; *Preston* v. *State*, (1972) 259 Ind. 353, 287 N.E.2d 347. It is incumbent upon the accused to substantiate a defense of intoxication. It is a denial of due process for the police or prosecution to destroy or withhold material evidence which would assist the accused in his burden. *Hale* v. *State*, (1967) 248 Ind. 630, 230 N.E. 2d 432. However in the case at bar we can see no reversible error. The record demonstrates that the tape was poorly recorded and that the garbled voice of the appellant could easily have been caused by a malfunctioning of the recorder. In addition there is substantial evidence in the record to establish that appellant had been drinking excessively before the crime occurred. If we assume for the sake of argument that the tape would have supported his

defense of intoxication, such evidence was merely cumulative to that already in the record.

The trial court is affirmed.

Hunter, Pivarnik and Prentice, JJ., concur; DeBruler, J., concurs in result.

NOTE.—Reported at 372 N.E.2d 165.