CODELL DENNIS WOMBLES *v.* STATE OF INDIANA

[No. 878S177. Filed January 3, 1979.]

*James A. Neel, Davis, Neel & Headlee,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert J. Black,* Deputy Attorney General, for appellee.

HUNTER, J. — A jury found Codell Dennis Wombles guilty of robbery and of criminal confinement. The trial court ordered the verdict on the criminal confinement count vacated and merged into the robbery count. The defendant now appeals and asserts four alleged errors:

1.   The trial court erred in denying the defendant's motion for a continuance;

2.   The court erred in allowing the prosecutor to question a witness concerning prior robbery arrests the witness had made;

3.   The court erred in refusing to give the defendant's tendered instruction on intoxication; and

4.   The court erred in giving the jury an improper verdict form on the criminal confinement count.

The facts most favorable to the state reveals that on October 24, 1977, Herman L. Winkler, 69 years of age, opened his residence door to two individuals. He identified the defendant as one of the individuals. Winkler was told, "We want your money . . . lay [sic] on the floor, face down." The assailants threatened Winkler with a knife and said, "You

try to get up from here and you're dead." Then, the attackers put Winkler in a wardrobe and told him to stay there. Winkler told them that they could take anything he had but that he did not have any more money. To this point in the robbery, they had taken Winkler's billfold containing three twenty-dollar bills and one one-dollar bill, Winkler's ring, Winkler's watch, and Winkler's coin purse. Winkler told them that he could get them cash by cashing a check; he stated at trial that he had hoped to get somewhere where someone would know what was going on and he would be helped. Winkler was escorted by the assailants to his car and then to a gas station, a drug store, and a grocery store in an attempt to get a check cashed. At the grocery store, Winkler had reached the checkout counter with several grocery items when he saw a deputy sheriff in another checkout lane. Winkler shoved the grocery cart against the defendant's legs and shouted, "I'm being robbed, he has a knife." The deputy sheriff chased the defendant and apprehended him in the supermarket parking lot; the items taken from Winkler were found on the defendant's person.

## I.

The defendant moved for a continuance just before the start of his trial. The trial court denied his motion, and the defendant states that the denial constituted error. We disagree. The bases for defendant's motion for a continuance were that he wanted a new attorney and that his grandmother was not present. The defendant had been granted several continuances prior to trial. On the morning of trial, the defendant orally informed the court that he was not ready to proceed. The court ordered the public defender to stay on the case, and the motion for continuance was overruled. The trial judge stated, "Mr. Tinder . . . is a Court appointed Public Defender, and, a very competent lawyer."

A motion for continuance based upon non-statutory grounds is left to the discretion of the court, and we perceived no abuse of that discretion here. It is not error to refuse to allow a defendant to replace his counsel during or immediately before trial. *German v. State*, (1978) 268 Ind. 67, 373 N.E.2d 880; *Magley v. State*, (1975) 263 Ind. 618, 335 N.E.2d 811. The defendant gave no detailed explanation of why he wanted new counsel, and the court took notice of defendant's counsel's competency.

While it might be argued that the absence of a witness is a statutory ground for continuance (Ind. Code § 35-1-26-1 [Burns 1975]), the defendant's oral motion failed to show either the materiality of the evidence expected to be obtained or that due diligence had been used to obtain it; there was no showing of the probability of procuring the grandmother's testimony within a reasonable time. There was no error in overruling the defendant's motion for a continuance.

## II.

The defendant next asserts that the trial court erred in allowing the prosecutor to question a law officer regarding the number of robbery arrests in which the officer had been involved. The defendant argues that the question was irrelevant and was prejudicial to him. While the question, and its answer, may have bolstered the officer's credibility as an experienced police officer, we do not believe that the question was erroneously allowed. Even if we were to assume that the question was error, it did not place the defendant in grave peril, especially in the light of the other evidence presented at trial. *Maldonado v. State*, (1976) 265 Ind. 492, 355 N.E.2d 843; *White v. State*, (1971) 257 Ind. 64, 272 N.E.2d 312. No reversible error was shown.

## III.

The defendant tendered an instruction on intoxication. The trial court refused it. There was some evidence presented that the defendant's eyes were "glassy" and his speech seemed "a little slurred." Winkler did not smell alcohol. The deputy sheriff smelled alcohol, but said that the defendant could carry on a normal conversation. In light of the lack of any direct or substantive evidence of intoxication, and considering the fact that the defendant carried out a robbery which required sustained concentration over a period of more than an hour (during which robbery the defendant held a knife on Winkler in various public places and drove Winkler's car), we hold that it was not error to refuse to give the defendant's tendered instruction. Voluntary intoxication is no defense in criminal proceedings unless it can be shown that the defendant was so intoxicated as to be incapable of formulating the requisite intent. *Stevens v. State*, (1978) 267 Ind. 541, 372 N.E.2d 165. Considering the evidence in this case, the instruction was not required. *Carroll v. State*, (1975) 263 Ind. 696, 338 N.E.2d 264.

## IV.

Finally, the defendant argues that the verdict form on the criminal confinement count was erroneous in that the information charged him only with confinement and not armed confinement. This argument is specious. First, the information was captioned confinement, but the body of the information described armed confinement. Second, the statute cited in the information was Ind. Code § 35-42-3-3 (Burns Supp. 1978) which includes both confinement and armed confinement. The defendant was appropriately enlightened as to the offense with which he was charged. Third, since the trial judge vacated the verdict and did not sentence the defendant on the criminal confinement count, absolutely no harm can be shown.

For all of the foregoing reasons, the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE—Reported at 383 N.E.2d 1037.