**William Scott DALTON, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 1–980A227.**

Court of Appeals of Indiana, First District.

April 1, 1981.

Rehearing Denied May 6, 1981.

Lawrence J. Brodeur, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

William S. Dalton (Dalton) appeals his conviction alleging he was denied a fair trial because an instruction regarding flight after a crime was improper and that the trial court did not give an instruction regarding intoxication as a defense.

We affirm.

Dalton was convicted of attempted rape, confinement, and resisting law enforcement, along with two co-defendants, by a Monroe County jury. After the presentation of the evidence, the defendants' counsels and the State tendered their instructions. One of Dalton's co-defendants submitted an instruction concerning intoxication as a defense to specific intent for these crimes. The trial court refused to give this instruction. Dalton offered six instructions to the court, none of which dealt with the defense of intoxication. Dalton argues on appeal that he could rely upon the instruction of a co-defendant and that the trial court improperly stripped him of the defense of intoxication.[1]

The trial court's refusal to give the instruction on intoxication was proper because there was not a sufficient evidentiary basis for this defense. In Indiana,

1. We are still reserving judgment on whether a defendant can rely on the instructions of a co-defendant.

voluntary intoxication is not a defense in a criminal proceeding unless it can be shown that the accused was so intoxicated as to be incapable of formulating the requisite intent and the burden of substantiating this defense rests upon the accused. *Stevens v. State,* (1978) 267 Ind. 541, 372 N.E.2d 165. In deciding whether an instruction on intoxication should be given, the trial court must determine whether there exists an adequate evidentiary basis for the defense. *Williams v. State,* (1980) Ind., 402 N.E.2d 954. Although testimony in this case discloses that Dalton had been drinking and had consumed a slight quantity of marijuana, Dalton gave extensive testimony concerning people, places, conversation, and other occurrences throughout the entire evening. The detailed nature of Dalton's testimony did not present sufficient evidence of being so intoxicated to vitiate specific intent for these crimes. *See, Wombles v. State,* (1979) Ind., 383 N.E.2d 1037.

Dalton also alleges the trial court erred in giving an instruction on flight because the instruction presumes a crime had been committed and was conclusory in nature. The trial court gave the following instruction:

> The flight of a person immediately after the commission of a crime, or after he is accused of a crime that has been committed, *if proved,* is not evidence of guilt. It is, however, evidence of the consciousness of guilt. (emphasis added.)

Dalton argues that the instruction is incorrect in that it presumes a crime had been committed and that any act of leaving constitutes flight. We cannot accept Dalton's argument because the instruction requires both proof of a flight as well as proof of a crime or accusation of a crime. The instruction limited the jury to considering flight as awareness of guilt and not as direct evidence of guilt. Although this instruction could be worded more clearly, we do not believe it is conclusory because it does not suggest what weight or value the jury should give to this evidence. *See, James v. State,* (1976) Ind., 354 N.E.2d 236.

Judgment affirmed.

NEAL, P. J., and RATLIFF, J., concur.