**James C. MOON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 880S340.

Supreme Court of Indiana.

April 22, 1981.

William J. Dougherty, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Asst. Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, James C. Moon, was convicted in a bench trial of attempted robbery, a class A felony, Ind.Code § 35–42–5–1 (Burns 1979 Repl.), and carrying a handgun without a license, a class D felony, Ind.Code § 35–23–4.1–18(c) (Burns 1979 Repl.). He was sentenced to concurrent terms of twenty years for the class A felony and two years for the class D felony. Moon presents the following issues for our review:

1. Whether the evidence was sufficient to sustain his conviction; and

2. Whether the judgment of the trial court was contrary to law.

The evidence indicates that during the evening of November 7, 1979, the defendant and a machete-bearing accomplice entered the Brookside Market at 2129 Brookside Avenue in Indianapolis. The defendant, who was carrying a revolver, fired a shot at the ceiling and demanded money from the cashier. Startled by the shot, a patron near the cash register bolted down an aisle toward the rear of the store. The machete-bearing accomplice gave chase.

Their path carried them toward a window, largely veiled from public view, which connected the owner's living quarters to the store. Through that window the owner had been observing the developments. As the two men neared the window, the owner saw the accomplice raise the machete to swing it at the patron. At that point the owner pushed the window open and fired five shots at the accomplice.

Wounded by the gunfire, the accomplice dropped the machete and, together with the defendant, fled the premises. In the aftermath, it was discovered that one of the bullets fired by the owner had ricocheted and hit the cashier in the leg.

## I.

Defendant contends that the evidence is insufficient to sustain his conviction for attempted robbery as a class A felony. That contention is predicated on the fact that the "bodily injury" necessary to elevate attempted robbery to a felony of class A status, Ind.Code § 35–42–5–1 (Burns 1979 Repl.), was inflicted by a bullet fired by the owner of the Brookside Market. Since neither he nor his accomplice fired the shot which injured the cashier, defendant maintains there is no evidence to establish his liability for class A attempted robbery.

We disagree. The responsibility for any bodily injury which occurs during the commission or attempted commission of a robbery rests on the perpetrators of the crime, regardless of who inflicts the injury, so long as it is a natural and probable consequence of the events and circumstanc-

es surrounding the robbery or attempt. That our legislature so intended is readily manifest in the language employed in the robbery statute:

"[T]he offense [robbery] is a class B felony if it is committed while armed with a deadly weapon, and a class A felony if it results in either bodily injury or serious bodily injury to any other person." Ind. Code § 35–42–5–1 (Burns 1979 Repl.).

The pronoun "it" obviously refers to the robbery or attempted robbery. If the robbery or attempt "results in" bodily injury, the perpetrator of the crime is liable for a felony of class A status.

The statutory attribution of responsibility for any bodily injury which flows from a robbery or attempted robbery no doubt reflects the legislature's recognition that regardless of the perpetrator's design, the crime of robbery has inherent potential for violence. Victims may resist, police or bystanders may intercede. Neither these responses nor the concomitant likelihood that some bodily injury will occur can be regarded as unnatural or improbable consequences of the perpetrator's conduct.

These natural responses and consequences were alluded to by this Court in *Bailey v. State*, (1980) Ind., 412 N.E.2d 56, where, in discussing the statutory term "results in," we stated:

"The term is a causative one of considerable generality, but in denoting natural consequences and human responses to express human conduct within the ambit of elements of the offense of robbery, that quality does not result in legal uncertainty. * * * If an injury to any other person arises as a consequence of the conduct of the accused in committing a robbery, the offense is properly regarded as a class A felony. If the injury does not so arise attribution of a class A felony is improper." *Id.* at 59.

Here, the defendant and his accomplice walked into a grocery store armed with a revolver and machete. They fired a shot into the air, demanded money, and swung a machete at a store patron. The bodily injury which ultimately occurred, albeit caused by the gunfire of the store owner, was a natural consequence of the conduct of the defendant and his accomplice in attempting the robbery. Accordingly, the evidence was sufficient to sustain the defendant's conviction for attempted robbery as a class A felony.

Defendant also argues that the evidence was insufficient to support the conclusion that he was capable of forming the specific intent to attempt the robbery. He predicates his defense of intoxication on his testimony and pretrial statements that he had ingested extensive amounts of drugs prior to the robbery attempt and remembered nothing about it.

■ Voluntary intoxication is no defense in a criminal proceeding unless it is shown that the defendant was so intoxicated as to be incapable of forming the requisite intent. *Wombles v. State*, (1979) Ind., 383 N.E.2d 1037, 1039; *Stevens v. State*, (1978) 267 Ind. 541, 372 N.E.2d 165, 166. It is a question of fact upon which the defendant has the burden of proof. *Stevens v. State, supra; Dobrzykowski v. State*, (1978) 269 Ind. 604, 382 N.E.2d 170, 172. When the sufficiency of the evidence is raised as an issue on appeal, this Court will not weigh the evidence nor judge the credibility of witnesses. Rather, we will examine only the evidence most favorable to the state, together with the reasonable inferences to be drawn therefrom. If, from that viewpoint, there is substantial evidence of probative value to support the fact-finder's conclusion, it will not be set aside. *Dobrzykowski v. State, supra; Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776.

Testimony of witnesses at the robbery scene indicates that the defendant was the person who fired the shot at the ceiling, demanded the cashier turn over the money, and ordered a patron not to interfere in the robbery. The record also reveals that once the store owner began shooting, the defendant had the presence of mind and physical capacity to flee the Brookside Market, drive the gateway car, and flee on foot from police pursuit after abandoning the vehicle. Based on this evidence, the fact-finder

could reasonably conclude that the defendant was not so intoxicated that he was incapable of forming the requisite intent.

## II.

Defendant's contention that the judgment of the trial court is contrary to law is predicated on the argument the court erred in permitting a witness to be questioned about the defendant's prior criminal history. The record reveals, however, that defendant neither objected to the questioning at trial nor challenged it in his motion to correct errors. Consequently, the allegation of error has not been preserved for our review. *Gutierrez v. State*, (1979) Ind., 395 N.E.2d 218, 222; *Ballard v. State*, (1974) 262 Ind. 482, 318 N.E.2d 798, 807.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.