**James MOON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1085S411.**

Supreme Court of Indiana.

May 14, 1987.

Susan K. Carpenter, Public Defender, Novella L. Nedeff, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

This is an appeal from the denial of a post-conviction relief petition. Appellant was convicted in 1980 of Attempted Robbery, a Class A felony, and Carrying a Handgun Without a License, with a prior conviction, a Class D felony. He was sentenced to concurrent terms of twenty (20) years and two (2) years. His conviction was affirmed by this Court. *Moon v. State* (1981), 275 Ind. 651, 419 N.E.2d 740.

Appellant claims the trial court's records are in error in showing his conviction for both amended Counts II and III, and that said sentences are in violation of the principles of double jeopardy. The original Count II was for carrying a handgun without a license, a Class A misdemeanor; however, this count was amended to include the fact that appellant had a prior conviction for carrying a handgun without a license, which raised the charge to a Class D felony. This is clearly indicated in the court's commitment to the Department of Correction.

Appellant did not receive two sentences for carrying a handgun without a license. He merely received one sentence for two (2) years by reason of the fact he had a prior conviction. Although the court's sentencing of appellant might have stated the situation more clearly, there is no confusion in the commitment issued to the Department of Correction. We see no reason to remand this case for a clarification of the court's sentencing when the record clearly shows that appellant was in fact properly sentenced. There was no possibility of confusion on the part of the Department of Correction or of harm to appellant.

Appellant claims the trial court erred in denying his petition for post-conviction relief because the same judge presiding at the bench trial had presided at his codefendant's guilty plea hearing and at appellant's aborted guilty plea proceeding. This is a reoccurring question in appeals to this Court. We have consistently held that it is not error for a court to deny a motion for a change of judge when the judge had presided over an aborted guilty plea hearing and subsequently presided over a bench trial of the defendant. *Brim v. State* (1984), Ind., 471 N.E.2d 672.

Appellant contends he did not properly waive his right to trial by jury. At the post-conviction relief hearing, appellant's trial counsel testified that he had discussed with appellant whether or not to proceed with a jury trial or a bench trial and that they decided to proceed without a jury. The trial court was correct in finding that appellant had knowingly, intelligently and voluntarily waived his right to a jury trial.

Appellant claims he was denied effective assistance of trial counsel, in that his counsel failed to: 1) raise the claim of double jeopardy occasioned by his sentencing; 2) move for change of judge because the trial judge had heard his previous plea of guilty; 3) challenge the validity of appellant's waiver of a jury trial; 4) adequately cross-examine witness Julia Jones regarding her identification of appellant as the robber; and 5) object to certain evidence as irrelevant.

The first three contentions are dealt with previously in this opinion and have no merit. The manner in which trial counsel cross-examined Julia Jones or any other witness and his failure to object to any

evidence is a matter of tactics, which this Court will not second-guess on appeal. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

The trial court is affirmed.

SHEPARD, C.J., concurs except with respect to appellant's first argument and would remand with instructions to enter only one conviction for carrying a handgun.

DeBRULER, PIVARNIK and DICKSON, JJ., concur.