**Tyrone L. NELSON, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 18A02–9510–PC–633.

Court of Appeals of Indiana.

April 30, 1996.

Rehearing Denied July 31, 1996.

*Estate of Leinbach v. Leinbach,* 486 N.E.2d 2, 3 (Ind.Ct.App.1986).

Alan K. Wilson, Muncie, for Appellant.

Pamela Carter, Attorney General of Indiana, Christopher L. LaFuse, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

ROBERTSON, Judge.

Tyrone L. Nelson appeals the denial of his petition for post-conviction relief from his convictions of Robbery and Burglary. Nelson raises one issue, which we expand into two, neither of which requires reversal.

## FACTS

The facts in the light most favorable to the decision below reveal that Nelson and his Co–Defendant, Trevis Douglas, were convicted of Voluntary Manslaughter as a lesser-included offense of Felony Murder, Robbery resulting in serious bodily injury (death), Burglary resulting in serious bodily injury (death), and Confinement. On direct appeal, our supreme court vacated Nelson's conviction for Voluntary Manslaughter because it is not a lesser-included offense of Felony Murder. *Nelson v. State*, 479 N.E.2d 48, 51

(Ind.1985). In the present post-conviction proceedings, the court granted Nelson relief by reducing the Burglary conviction from a class A felony to a class C felony under principles of double jeopardy as both the Robbery and Burglary convictions had been enhanced by the same homicide.

## DECISION

The post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind. 1993). In reviewing the judgment of a post-conviction court, the appellate court considers only the evidence and reasonable inferences supporting the judgment. *Id.* The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. *Id.* A post-conviction petitioner who has been denied relief is in the position of one who has received a negative judgment and will only obtain reversal where the evidence is undisputed and leads inevitably to a conclusion opposite that of the post-conviction court. *Schiro v. State*, 533 N.E.2d 1201, 1204 (Ind.1989), *cert. denied*, 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218. A post-conviction petitioner will not carry his burden unless he can affirmatively demonstrate that his substantive rights have been prejudiced. *See White v. State*, 497 N.E.2d 893, 905, 906 (Ind.1986).

### I.

### *Death as Serious Bodily Injury*

Nelson argues that death is not included in the definition of serious bodily injury. Therefore, he argues, his conviction of Robbery resulting in serious bodily injury, a class A felony, cannot stand. "Serious bodily injury" means:

> bodily injury that creates a substantial risk of death or that causes serious permanent disfigurement, unconsciousness, extreme pain, or permanent or protracted loss of impairment of the function of a bodily member or organ.

Ind.Code 35–41–1–25.

In the present case, Nelson and his accomplice shot the victim, killing him. Thus, the bodily injury inflicted created a substantial risk of death; in fact it caused death. Moreover, the bodily injury inflicted caused the victim permanent unconsciousness and the permanent loss of the function of all bodily members and organs. Therefore, death is included in the definition of "serious bodily injury" and we find no error.

### II.

### *Inconsistent Judgment*

Nelson argues that the supreme court's reversal of his conviction for voluntary manslaughter renders the judgment, which includes his conviction for Robbery resulting in death, inconsistent. He reasons that, if he cannot be convicted of Voluntary Manslaughter for the homicide, then he cannot be convicted of Robbery resulting in serious bodily injury/death.

The supreme court in no way exonerated Nelson for the homicide. It simply found he could not be convicted of Voluntary Manslaughter as a lesser-included offense of Felony Murder. *Nelson*, 479 N.E.2d at 51. Moreover, perfect, logical consistency in verdicts is not required and only extremely contradictory and irreconcilable verdicts warrant corrective action. *Harrison v. State*, 644 N.E.2d 1243, 1248 (Ind.1995) (relying on *United States v. Powell*, 469 U.S. 57, 67, 105 S.Ct. 471, 477–78, 83 L.Ed.2d 461 (1984)).

The vacation of Nelson's Manslaughter conviction does not somehow make his conviction for Robbery resulting in death inappropriate. Nelson has not carried his burden of establishing his entitlement to post-conviction relief, and we find no error.

Judgment affirmed.

NAJAM and HOFFMAN, JJ., concur.