107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William L. GREER, Petitioner-Appellant,
v.
Al C. PARKE, Respondent-Appellee.
 No. 96-2523.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 5, 1997.[1]
Decided Feb. 14, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 William L. Greer was convicted by a jury in Indiana of attempted murder and robbery resulting in serious bodily injury. He was sentenced to consecutive prison terms of 80 years and 50 years, respectively, for the crimes. Greer filed a direct criminal appeal to the Supreme Court of Indiana in which he claimed the attempted murder jury instructions were erroneous and his robbery conviction violated the state and federal prohibitions against double jeopardy. A subclaim of his "double jeopardy" argument included a challenge to the sufficiency of the evidence to support the robbery conviction.
 
 
 2
 The Supreme Court of Indiana concluded that the jury instructions were wrong and it vacated the attempted murder conviction. The robbery conviction, however, was not disturbed. See Greer v. State, 643 N.E.2d 324, 327 (Ind.1994). Although a new trial was ordered on the attempted murder charge, we do not know if one actually occurred.
 
 
 3
 Greer filed this habeas corpus petition in federal district court challenging his robbery conviction. It was denied and Greer appeals.
 
 
 4
 Greer's conviction arose out of a botched attempt to rob a grocery store back in 1988. Greer entered the store, threatened two employees with a gun, and ordered them to put money from the cash register in a bag. While the robbery was in progress, a woman entered the store and noted what was going on. She retreated to her car and reported the robbery to her husband, an off-duty deputy sheriff. The deputy entered the store, identified himself, and tried to stop the robbery. At that point, Greer's accomplice, Franklin Rance, entered the store, and both Greer and Rance shot at the deputy, wounding him in the leg. Rance fled the scene and the deputy shot Greer in the neck and chest.
 
 
 5
 Greer claims that the state trial court found that the robbery was complete prior to the injury to the deputy and that therefore the evidence was insufficient to sustain a conviction for robbery "resulting in serious bodily injury" to another under Indiana law. Greer points to the sentencing hearing where the state judge discussed a presentence memorandum. During the sentencing hearing the state judge considered Greer's argument that he should not be sentenced for attempted murder and robbery because the same serious bodily injury supported both convictions. In rejecting this argument, which has been improperly labelled as a double jeopardy claim, the state trial judge said:
 
 
 6
 The Court believes in this instance, having heard the evidence in the trial, that there were distinct criminal states of mind that the burglary [sic], in effect, had concluded by the time the attempted murder had taken place....
 
 
 7
 Motion for Dismissal of Attorney & Sentencing, State v. Rance & Greer, No. 91D01-88-CF-40, 91D01-88-CF-41, at 1236-37. Based on the "distinct states of mind," the state trial judge concluded that the convictions of both the attempted murder and class A felony robbery were proper.[2] Greer contends that this "finding" must be presumed correct under 28 U.S.C. § 2254(e)(1) and that it establishes that there was insufficient evidence to prove that the robbery--as opposed to the attempted murder--resulted in serious bodily injury. In essence, Greer asserts that the robbery was complete before he shot and wounded the deputy.
 
 
 8
 A factual issue involves basic, primary, or historical facts. Thompson v. Keohane, 116 S.Ct. 457, 464 (1995) (citing to Townsend v. Sain, 372 U.S. 293 (1963)). Here, the trial court's statement that Greer had "distinct criminal states of mind" is not a recital of facts but a legal conclusion concerning the scope of the protection against double jeopardy in relation to Greer's two convictions. Thus, we are not required to presume the statement to be correct under the federal habeas statute.
 
 
 9
 The district court here correctly concluded, after reviewing the evidence in the light most favorable to the prosecution, that a rational jury could have found the essential elements of the robbery offense beyond a reasonable doubt and thus there was no constitutional due process violation. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). Greer shot the deputy in the course of robbing the store after the deputy identified himself and attempted to stop the crime. The robbery wasn't over when the shooting took place. As Indiana notes, "The responsibility for any bodily injury which occurs during the commission or attempted commission of a robbery rests on the perpetrators of the crime, regardless of who inflicts the injury, so long as it is a natural and probable consequence of the events and circumstances surrounding the robbery or attempt." Moon v. State, 419 N.E.2d 740, 741-42 (Ind.1981). Greer's assertion that the robbery had ceased before he shot the deputy is not supported by the facts. The events and circumstances surrounding the robbery establish just the opposite; the shooting of the deputy was a natural and probable consequence of the robbery.[3] Double jeopardy doesn't even raise its head in this case, and the dismissal of Greer's habeas petition is AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App. P. 34(a); Cir.R. 34(f)
 
 
 [2]
 See Flowers v. State, 481 N.E.2d 100, 106 (Ind.1985) (prohibition against double jeopardy not violated when there are distinct criminal states of mind)
 
 
 [3]
 We have retroactively applied the recent amendment to 28 U.S.C. § 2254(d) of the habeas corpus statute enacted under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 100 Stat. 1214, in accordance with our holding in Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996) (en banc ). However, the outcome of this case is unaffected even if the Act were not applied retroactively, as Greer's sufficiency of the evidence claim would not merit relief under the former 28 U.S.C. § 2254