**Darrell L. SHECKLES, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 22A01–9701–PC–7.

Court of Appeals of Indiana.

April 23, 1997.

Publication Ordered July 25, 1997.

Susan K. Carpenter, Public Defender, Anne-Marie Alward, Deputy Public Defender, Indianapolis, for Appellant–Petitioner.

Jeffrey A. Modisett, Attorney General, Rachel C. Zaffrann, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

ROBERTSON, Judge.

Darrell L. Sheckles appeals the denial of his petition for post-conviction relief. He presents the following issues:

I. Whether the post-conviction court abused its discretion when it denied Sheckles' discovery motion.

II. Whether the post-conviction court erred when it summarily denied Sheckles' petition for post-conviction relief, although said petition raises an issue of material fact requiring an evidentiary hearing.

We affirm.

On direct appeal of Sheckles' convictions, our supreme court noted the procedural history of the case:

After a trial by jury, appellant Darell Leroy Sheckles was found guilty of felony-murder, criminal recklessness, and two counts of robbery resulting in serious bodily injury. The three latter offenses were merged into a judgment of conviction for felony-murder, Ind.Code Sec. 35–42–1–1(2) (Burns 1979 Repl.). A prison sentence of sixty years was imposed by the court.

*Sheckles v. State,* 501 N.E.2d 1053, 1054 (Ind. 1986). The evidence revealed that Sheckles had attempted to collect a loan by means of force inside a bar. A gun battle ensued between Sheckles and the bartender, and one of the patrons of the bar sustained a fatal gunshot wound to the head. Our supreme court affirmed Sheckles' conviction. *See id.*

Sheckles eventually filed a petition for post-conviction relief in which he raised claims of ineffective assistance of both trial and appellate counsel. Specifically, Sheckles claimed that trial counsel was deficient in his failure to request a ballistics expert to help him prepare a defense and that appellate counsel was ineffective in his failure to raise the ineffectiveness of trial counsel. During the post-conviction proceedings, Sheckles attempted to obtain certain information from the State by means of discovery. The post-conviction court denied the attempts at discovery and then summarily denied the petition for post-conviction relief.

 The post-conviction petitioner bears the burden to establish his grounds for relief by a preponderance of the evidence. *Nelson v. State,* 664 N.E.2d 386, 388 (Ind.Ct.App. 1996), *trans. denied.* On review of the judgment of a post-conviction court, the appellate court considers only the evidence and reasonable inferences which support the judgment. *Id.* The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. *Id.* A post-conviction petitioner who has been denied relief is in the position of one who has received a negative judgment and will obtain a reversal only where the evidence is undisputed and leads inevitably to a conclusion opposite that of the post-conviction court. *Id.* The petitioner will not carry his burden unless he can affirmatively demonstrate that his substantive rights have been prejudiced. *Id.*

I

Sheckles first claims that the post-conviction court erroneously denied his motion for a discovery order. He linked his motion for discovery to his claim that he had received the ineffective assistance of trial counsel due to counsel's failure to request the services of a ballistics expert. Sheckles asserted that,

"to present adequate proof on the issue at a post-conviction relief hearing, counsel must have a ballistics expert review the evidence gathered in the crime investigation and presented at trial." Sheckles therefore requested an order for the production and inspection of "all police reports, investigative reports, ballistics tests and reports, writings, drawings, graphs, charts, photographs, and other documents" as well as "any and all bullets, casings, and other tangible evidence relevant to a ballistics assessment of this case ..."

As discussed more fully below, Sheckles has presented no genuine issue of material fact on the question of whether the performance of trial counsel prejudiced his defense. Inasmuch as Sheckles has tied his motion for discovery to his claim that he had received the ineffective assistance of trial counsel but has presented no genuine issue of counsel's ineffectiveness, we cannot conclude that the post-conviction court erroneously denied the motion for discovery.

II

Sheckles claims the post-conviction court improperly denied his petition without first having held an evidentiary hearing. The post-conviction rules contain the following provision:

(f) If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings.

(g) The court may grant a motion by either party for summary disposition of the petition when it appears from the pleadings, depositions, answers to interrogatories, admissions, stipulations of fact, and any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The court may ask for oral argument on the legal issue raised. If an issue of material fact is raised, then the court shall hold an evidentiary hearing as soon as reasonably possible.

Ind.Post–Conviction Rule 1(4).

 A post-conviction court is permitted to summarily deny a petition for relief if the pleadings and the record conclusively demon-

strate that there is no genuine issue of material fact and the petitioner is entitled to no relief. *Howard v. State,* 576 N.E.2d 1253, 1254 (Ind.1991). Where the post-conviction court is able to read the petition as well as consult the record and determine that there is no factual issue in dispute, a summary denial of a petition for post-conviction relief is proper. *See id. See also, Mullen v. Tucker,* 510 N.E.2d 711, 715 (Ind.Ct.App.1987) (where no issues of material fact or reasonable conflicting inferences exist, summary judgment is appropriate).

To establish the ineffectiveness of counsel, the petitioner must first show that counsel's performance was deficient, which requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment. *See Wilson v. State,* 565 N.E.2d 761, 765 (Ind.Ct.App.1990) (quoting *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Second, the petitioner must show that the deficient performance prejudiced the defense, which requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, that is, a trial where the result is reliable. *Id.*

Sheckles claims that trial counsel should have requested a ballistics expert to help him prepare a defense. Sheckles bases his claim upon the premise that the fatal gunshot wound came from the bartender's gun, not from his own gun.

■ Sheckles' felony-murder charge was based upon the underlying felony of attempted robbery. *Sheckles,* 501 N.E.2d at 1054. Robbery is a "Class A felony if it results in serious bodily injury to any person other than a defendant." Ind.Code 35–42–5–1. We note that the responsibility for any bodily injury which occurs during the commission or attempted commission of a robbery rests on the perpetrators of the crime, regardless of who inflicts the injury, so long as it is a natural and probable consequence of the events and circumstances surrounding the robbery or attempt. *Moon v. State,* 275 Ind. 651, 419 N.E.2d 740, 741–742 (1981) (the bodily injury which ultimately occurred, albeit caused by the gunfire of the store owner, was a natural consequence of the conduct of the defendant and his accomplice in attempting the robbery).

Nonetheless, Sheckles received a conviction of felony-murder, with the two counts of robbery resulting in serious bodily injury merged into the felony-murder offense. *Sheckles,* 501 N.E.2d at 1054. Felony-murder occurs where a person "kills another human being while committing or attempting to commit ... robbery." *See* I.C. 35–42–1–1(2). The statute requires proof that the accused killed another human being, not merely that his actions resulted in the death of any person other than a defendant. Here, Sheckles has attempted to establish that the fatal shot came from the bartender's gun and not his own. He proposes to demonstrate that the bartender was the person who killed the victim.

Under the common-law felony-murder rule, or under statutes providing that any killing in the commission or attempt to commit certain crimes shall be murder, questions have arisen as to the criminal responsibility of one committing one of the designated offenses for a homicide resulting from the act of one who is not a participant in the original criminal activity. Some cases, applying the doctrine of proximate cause, support the broad rule that where it reasonably might or should have been foreseen by the accused that the commission of or attempt to commit the contemplated felony would be likely to create a situation which would expose another to the danger of injury at the hands of a nonparticipant in the felony, the creation of such dangerous situation is to be regarded as the proximate cause of death from such injury. In the application of this principle, it has been held that a robber may be tried for the murder of a bystander or a policeman killed in exchange of shots during the attempted robbery, regardless of who filed the fatal shot. ... On the other hand, there are some cases in support of the view that one engaged in the commission of a felony cannot be held criminally liable for the accidental killing of another, while the crime is being perpetrated, by one who is

not a participant in the felony. Thus, it can be held that persons who conspire together to commit robbery are not guilty of homicide where the victim of the crime shoots in self-defense at the conspirators and kills a bystander. In some jurisdictions, the applicable statutes have been construed to indicate that one engaged in committing a felony is not liable for homicide caused by the act of another.

40 AM.JUR.2D *Homicide* § 39 (1968) (footnotes omitted).

■ In Indiana, the State need not prove that the defendant's acts were the sole cause of death, only that the acts contributed, whether mediately or immediately, to the victim's death. *See Watson v. State,* 658 N.E.2d 579, 580 (Ind.1995). The term 'mediately' means, "[i]n a mediate manner; by a secondary or intervening cause or agent;— opposed to *immediately.*" WEBSTER'S NEW INTERNATIONAL DICTIONARY 1526 (2d ed. 1943). The term 'mediate' means, among others, "[t]o act as the intermediary or medium in effecting, bringing about, communicating, transferring, or the like." *Id.*

■ The Indiana case law, in light of the above definitions, comports with the view that a person who commits or attempts to commit one of the offenses designated in the felony-murder statute is criminally responsible for a homicide which results from the act of one who was not a participant in the original criminal activity. Where the accused reasonably should have been foreseen that the commission of or attempt to commit the contemplated felony would likely create a situation which would expose another to the danger of death at the hands of a nonparticipant in the felony, and where death in fact occurs as was foreseeable, the creation of such a dangerous situation is an intermediary, secondary, or medium in effecting or bringing about the death of the victim. There, the situation is a mediate contribution to the victim's killing.

■ In the present case, Sheckles created a dangerous situation during the attempted robbery in which an intervention by a nonparticipant was reasonably foreseeable. He exposed the victim to circumstances which presented a substantial likelihood of a fatal injury. Therefore, Sheckles is criminally responsible for the death of the victim, who was killed in the exchange of gunfire between himself and the bartender, regardless of who fired the fatal shot.

■ Even if Sheckles could establish that trial counsel's failure to request a ballistics expert constituted deficient performance, he has not demonstrated that the deficient performance deprived him of a fair trial. Sheckles is criminally responsible for the killing regardless of who fired the fatal shot. Despite the absence of his own ballistics expert, Sheckles has presented nothing from which one could infer that the result of his trial was unreliable.

■ Thus, no genuine issue of material fact exists on the question of whether the alleged deficiencies of trial counsel prejudiced the defense. Similarly, no genuine issue of material fact exists on the question of whether appellate counsel was ineffective for failure to raise a meritless claim against trial counsel's performance. Inasmuch as no reasonable conflicting inferences exist here on the effectiveness of counsel, the post-conviction court need not have held an evidentiary hearing on any of the issues Sheckles has raised.

We therefore turn to the question of whether the post-conviction court properly denied Sheckles' petition for post-conviction relief. Inasmuch as the pleadings and the record do not support the inference that of counsel was ineffective, the post-conviction court properly denied the petition.

Judgment affirmed.

SHARPNACK, C.J., and BAKER, J., concur.

### ORDER

This Court having heretofore handed down its opinion in this cause on April 23, 1997, marked "Memorandum Decision, Not for Publication"; and

Comes now the Court, on its own motion, and finds that its opinion heretofore handed down as a Memorandum Decision should now be ordered published.

IT IS THEREFORE ORDERED as follows:

1. This Court's opinion heretofore handed down in this cause on April 23, 1997 marked "Memorandum Decision, Not for Publication" is now ordered published.