## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2018, 10:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jon C. Spurr
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael J. Gilliam II, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | February 28, 2018 <br><br> Court of Appeals Case No. 84A01-1707-XP-1754 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable Michael Rader, Judge <br><br> Trial Court Cause No. 84D05-1701-XP-77 |

**Altice, Judge.**

## Case Summary

Michael J. Gilliam II appeals the trial court's summary denial of his petition to expunge records related to his 2000 convictions for Class C felony operating a motor vehicle while intoxicated causing death and Class C felony driving while suspended resulting in death.

We affirm.

## Facts & Procedural History

In 2000, Gilliam pled guilty to the above Class C offenses and was sentenced to concurrent four-year terms of imprisonment with two years suspended. Gilliam served his executed term on in-home detention and then successfully completed probation in January 2005.

On January 6, 2017, Gilliam petitioned the trial court to expunge his convictions and seal the record. The State did not consent to expungement of these records and, in fact, filed a written objection on May 2, 2017. Shortly thereafter, the trial court issued its order denying Gilliam's petition pursuant to Ind. Code § 35-38-9-5(a)(2).

Gilliam filed, on May 12, 2017, what he styled as a "Motion to Reconsider", along with a response to the State's written objection. *Appellant's Appendix* at 29. The trial court held a hearing on Gilliam's motion and, after taking the

matter under advisement, denied the motion on June 30, 2017. Gilliam filed his notice of appeal on July 27, 2017.[1]

## Discussion & Decision

Under Indiana Code Chapter 35-38-9, criminal records may be expunged for certain qualifying offenses, and the exclusions and requirements for expungement vary based on the level or type of offense for which the person was convicted. *See* I.C. § 35-38-9-2 (misdemeanors); I.C. § 35–38–9–3 (Class D or Level 6 felonies); I.C. § 35-38-9-4 (other felonies except, among other exclusions, "a felony that resulted in serious bodily injury to another person"); I.C. § 35-38-9-5 (offenses committed by elected officials while in office and felonies that resulted in serious bodily injury). Depending on the offense, expungement may be either mandatory or discretionary upon certain findings by the trial court. *Key v. State*, 48 N.E.3d 333, 336 (Ind. Ct. App. 2015).

Gilliam's arguments on appeal are all based on the misguided notion that I.C. § 35-38-9-4 rather than I.C. § 35-38-9-5 applies to his petition for expungement. Gilliam recognizes that under the latter section he would be required to provide

---

[1] The State contends that the appeal is untimely because Gilliam's motion to reconsider did not toll the time for filing the notice of appeal. We decline to favor form over substance. Gilliam's motion was filed after entry of a final judgment and, though titled otherwise, clearly constituted a motion to correct error. *See Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221 (Ind. Ct. App. 1998) ("although substantially the same as a motion to reconsider, a motion requesting the court to revisit its final judgment must be considered a motion to correct error"); *see also Snyder v. Snyder*, 62 N.E.3d 455, 458 (Ind. Ct. App. 2016) ("motions to correct error are proper only after the entry of final judgment; any such motion filed prior to the entry of final judgment must be viewed as a motion to reconsider"). *But see Scatterfield v. State*, 30 N.E.3d 1271 (Ind. Ct. App. 2015) (treating a motion to reconsider entered after a final judgment as titled). We conclude that Gilliam's notice of appeal was timely filed.

the trial court with the prosecuting attorney's written consent to the expungement, which he has been unable to obtain.

[8] The less onerous section 4 expressly excludes its application to "[a] person convicted of a felony that resulted in serious bodily injury to another person." I.C. § 35-38-9-4(b)(3). On the other hand, section 5 applies to "a person convicted of a felony that resulted in serious bodily injury to another person." I.C. § 35-38-9-5(a)(1). It is undisputed that Gilliam's offenses resulted in the death of another person. We find disingenuous Gilliam's argument that death is not included within the definition of serious bodily injury. "Serious bodily injury" is statutorily defined to include "bodily injury that creates a substantial risk of death or that causes…permanent or protracted loss or impairment of the function of a bodily member or organ". Ind. Code § 35-31.5-2-292(4). "Case law has determined that death falls within the category of serious bodily injury." *State v. Lewis*, 883 N.E.2d 847, 851 (Ind. Ct. App. 2008) (citing *Nelson v. State,* 664 N.E.2d 386, 388 (Ind. Ct. App. 1996) ("the bodily injury inflicted caused the victim permanent unconsciousness and the permanent loss of the function of all bodily members and organs"), *trans. denied*).

[9] The trial court properly applied I.C. § 35-38-9-5 to Gilliam's petition. The petition did not include an attached copy of the prosecuting attorney's written consent, as required by I.C. § 34-38-9-8(b)(11). Thus, the trial court was permitted to summarily deny the petition without a hearing. *See* I.C. § 35-38-9-9(b). Moreover, the trial court had no discretion to grant the petition without the written consent of the prosecuting attorney. *See* I.C. § 35-38-9-5(e)(5).

[10]    Judgment affirmed.

[11]    May, J. and Vaidik, C.J., concur.