Tyrone Levette **NELSON**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 683S219.

Supreme Court of Indiana.

June 11, 1985.

Geoffrey A. Rivers, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from convictions of voluntary manslaughter, class B felony, I.C. § 35–42–1–3; robbery, class A felony, I.C. § 35–42–5–1; burglary, class A felony, I.C. § 35–43–2–1; and confinement, class B felony, I.C. § 35–42–3–3. The case tried before a jury. Appellant received a prison term of twenty years for voluntary manslaughter; thirty years for robbery; thirty years for burglary; and ten years for confinement. The sentences for burglary and confinement are to run concurrently with the sentence for robbery; however, the sentence for robbery is to run consecutively to the sentence for voluntary manslaughter for a total executed time of fifty years.

Appellant raises five issues on appeal; (1) whether the trial court erred in refusing to dismiss the burglary charge because a juvenile waiver hearing was not held; (2) whether the charge of confinement was a lesser included offense of the charge of kidnapping, and thus should have been dismissed; (3) whether the trial court erred in refusing to allow his witness, Dollie Smith, to testify about a conversation she had with him; (4) whether trial court erred in overruling his alleged objection to comments made by the prosecutor during final argument; (5) whether separate sentences for voluntary manslaughter and burglary are erroneous.

These are the facts that tend to support the determination of guilt. At approximately 1:30 a.m., on March 21, 1982, John and Patty Buennagel parked their green Corvair in back of their house and walked to the front door. They discovered the door standing partially open. They en-

tered, and noticed their house had been ransacked. Patty walked toward the bedroom and was met by two men carrying guns. The men forced Patty and John to lay on the floor. The appellant, identified as one of the men, took Patty into the bedroom and forced her to have sexual intercourse with him. Subsequently, appellant's accomplice, identified as Trevis Douglass, brought John into the bedroom and told him to lay down on the cedar chest. Moments later, John jumped on appellant and a struggle ensued in which John was fatally shot. Both men took Patty into the living room. There one forced her to have fellatio, and afterwards, the other forced her to sexual intercourse. They took a microwave, a turntable and two speakers from the house. Subsequently, they commanded her to get the keys to her car. Then, they put her in the car and drove to various places in Muncie. Eventually, they allowed her to take the car and leave. She drove to her parents' home.

## I

Appellant Nelson was tried by jury in a joint trial with his codefendant Douglass. Douglass was convicted of robbery, burglary, and confinement, however he was not found guilty of voluntary manslaughter, as was appellant. Douglass received the same sentences for his three convictions as did appellant, however Appellant received an additional consecutive term of twenty years for voluntary manslaughter. Douglass appealed separately, and in the appeal he raised the same issues as are presented here. Each of these issues was resolved in favor of the state, and the convictions were affirmed. Cf. *Douglass v. State* (1984), Ind., 466 N.E.2d 721.

 The reasoning in *Douglass*, applies here in each instance, and we adopt it. It was not error to refuse to dismiss the separate count of burglary because of an alleged jurisdictional defect based upon the absence of a juvenile waiver hearing, in that the juvenile court statute, applicable at the time, excluded both types of murder from the waiver requirement, and felony murder here carried burglary with it as an underlying or collateral felony. The acquittal by verdict on Count VI, the kidnapping charge, rendered any error in refusing to dismiss it, legally inconsequential. There was no error in the court's ruling excluding the testimony of appellant's aunt, Dolly Smith, as it was hearsay, and could not be justified under the rule in *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482. And finally, it was ruled that the claim of prosecutorial misconduct had not been raised in a timely and appropriate manner in the trial court and thus not preserved for review.

## II

As has been stated above, appellant stands convicted of voluntary manslaughter, in a case in which he was charged with felony murder. The felony murder count is plainly identified on its face as an information for felony murder and upon its face recites the felony murder section of the murder statute. In the body it provides, that appellant Nelson together with codefendant Douglass "... did then and there unlawfully kill, John Buennagel, a human being, while committing and attempting to commit burglary, rape, and robbery, contrary to the form ...". This felony murder count was brought into this precise form prior to trial through an amendment which removed the word "knowingly" from in front of the work "kill". The word "knowingly" had preceded and modified the word "kill" in the original charge. The entry reflecting that action states, "Comes now the State of Indiana ... and moves to amend Count I ... by removing the word knowingly from said Count I due to the fact that 'knowingly' is not an element of Murder. Motion granted. Count I amended by interlineation." It is perfectly clear on the record that there is no charge made among these counts, that appellant committed the knowing and intentional type of murder, or voluntary manslaughter. Without objection, however, the trial court gave its instructions to the jury separately defining knowing and intentional murder and

voluntary manslaughter and provided the jury a verdict form on voluntary manslaughter. The prosecutor in final summation however called for a verdict of guilty of felony murder. The jury returned a verdict of guilty of voluntary manslaughter and acquitted appellant of murder. Appellant then received the consecutive twenty year sentence for voluntary manslaughter.

Appellant contends that the sentences for voluntary manslaughter and burglary merged and requests this court to set aside the conviction and sentence for burglary. No challenge is made to the conviction for voluntary manslaughter. The state responds, and we agree, that there is no merger here between voluntary manslaughter and the underlying felony of burglary. In *Biggerstaff v. State,* (1982), Ind., 432 N.E.2d 34, this court wrote:

> "If the defendant is convicted of the felony murder, merger occurs and the conviction and sentencing may not occur on both counts."

The rational of the case is that for sentencing purposes, a conviction of the underlying felony and the sentence it carries, merges with the conviction and the sentence for the greater offense of felony murder. Here there is no such conviction of felony murder and merger does not result.

It is not possible to address the above sentencing challenge without observing that there never was a charge of voluntary manslaughter lodged against appellant in this prosecution. Such a charge does not come in through a separate count for knowingly or intentionally, killing the victim, and one cannot come in through the court charging felony murder. Voluntary manslaughter is not an offense included within felony murder. *Hester v. State* (1971), 262 Ind. 284, 315 N.E.2d 351. *Dull v. State* (1962), 242 Ind. 633, 180 N.E.2d 523. Voluntary manslaughter was further expressly excluded as a possible offense included within the felony murder charge, when that count was amended on motion of the prosecution as noted above so as to remove allegations of those states of mind

which are requisite elements of a knowing or intentional homicide. The trial court nevertheless gave instruction of the intentional type homicides, and there was no objection levelled at the action, and no challenge to the conviction for voluntary manslaughter is presented in this appeal. Nevertheless, we discern no possibility other than that appellant received no notice that he was faced with defending a charge of a knowing or intentional homicide. Appellant's conviction for voluntary manslaughter involves a denial of due process, and is fundamental error. *Blackburn v. State* (1973), 260 Ind. 5, 291 N.E.2d 686. It is therefore, on the court's own direction, set aside, and the cause remanded for further consistent proceedings. The remaining convictions and sentences however, are affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ. concur.

HUNTER, J. not participating.