GIVAN, Chief Justice.
A jury trial resulted in the conviction of appellant of Murder and Robbery, a Class A felony. The court imposed consecutive sentences of sixty (60) years and fifty (50) years respectively.
The facts are: On the morning of October 29, 1982, the victim, James Michael Bartlett, went to the Sunshine Inn in Indianapolis after working the midnight shift at Detroit Diesel Allison. While there Bartlett cashed his payroll check. He was seen talking with appellant, and eventually they left together.
On November 2, 1982, Hendricks County authorities notified the Marion County Sheriff's Department that Bartlett's wife had reported him missing and that he had last been seen in Indianapolis during the late morning or early afternoon of October 29. The Sheriff's Department also received a report that on October 31 Bartlett's car had been recovered in Barbour-ville, Kentucky. Although the driver of the vehicle fled when approached by the Kentucky State Police, the officers were able to determine that appellant had been driving the car.
Officers from the Marion County Sheriff's Department interviewed the owner of the Sunshine Inn, Very! Adams, who was acquainted with appellant. Adams took them to a trailer where appellant sometimes stayed, then directed them to a nearby cornfield Adams knew to be a dumping area. Bartlett's body was discovered at that site.
Appellant was arrested in Indianapolis on November 9. He gave two conflicting statements to the police. In the first, ap *1190 pellant acknowledged that he had been with Bartlett on October 29 but denied being with him at the time of his death. In the second statement, he admitted he had been in and out of the Sunshine Inn, with Bartlett and a third individual he called Chester, at various times during the day of October 29. He claimed that as the three men were leaving another bar Bartlett attacked him, at which point Chester intervened and he retreated. Appellant maintained that Chester had killed Bartlett and that the extent of his involvement was in disposing of the body and retaining Bartlett's car.
Appellant contends the trial court erred in denying his motion for a mistrial. He argues the prosecution attempted to place evidence of unrelated criminal activity before the jury.
During direct examination of Captain Jerry Hubbs of the Marion County Sheriff's Department, the deputy prosecutor inquired about the investigation of the missing person report. The pertinent questioning was as follows:
Q. "Did you happen to receive, have occasion to receive information from anyone regarding the whereabouts of a suspect in regards to that investigation, namely Michael Swafford?
A. Yes sir, I did.
Q. Who did you receive the information from and what was the information, if you recall?
A. I received my information from Sergeant Jack Munn who was a Juve nile Detective at the time.
Q. He stated to you uh, what did he tell you?
A. He had received information from a citizen, Marion County, as to the whereabouts of a possible escapee from Kentucky."
At that juncture defense counsel obtained a recess and argued that the answer was unresponsive. The court granted the motion to strike and agreed to admonish the jury. Counsel then moved for a mistrial. The motion was denied, but the court did admonish the jury to disregard the previous question and ansgwer.
A ruling on a motion for a mistrial is made within the trial court's discretion. This Court will reverse the trial court only when it is shown that the defendant was placed in a position of grave peril to which he should not have been subjected. Morgan v. State (1981), 275 Ind. 666, 419 N.E.2d 964. When the court admonishes the jury to disregard unresponsive testimony, the refusal to grant a mistrial is generally not reversible error. Tinnin v. State (1981), 275 Ind. 203, 416 N.E.2d 116.
Although the objectionable answer was characterized at trial as unresponsive, appellant now contends the question eliciting that answer constituted an evidentiary harpoon. We cannot agree. Prior to the questioning at issue, evidence had been admitted, without objection, which tended to establish the fact that appellant was wanted by Kentucky authorities. Dwight Barnett of the Kentucky State Police had testified that he had found the victim's car in Kentucky, that appellant had been driving the car just before it was seized and that appellant had evaded the officers' attempts to apprehend him. Another Kentucky State Police Officer, Thomas MeKnight, testified that he had sent copies of an arrest warrant for appellant to Marion County.
Thus it is apparent that the prosecution was not attempting to elicit testimony about unrelated criminal activity, but rather was attempting to establish the course of the investigation which followed the recovery of the victim's car. Any possible prejudice which may have resulted from the objectionable answer was sufficiently abated by the court's admonishment of the jury. Tinnin, supra. We find no abuse of discretion in the denial of the motion for a mistrial.
Appellant claims the trial court erroneously admitted State's Exhibits Nos. 20 and 21. Each exhibit was comprised of four photographs of the victim's body. Appellant concedes that six of the photographs *1191 were relevant and admissible, but nevertheless argues that the remaining two photographs were cumulative and so gruesome as to inflame the jury.
The decision to admit photographic evidence rests within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of the court's discretion. Douglas v. State (1984), Ind., 464 N.E.2d 318.
The exhibits were introduced during direct examination of Dr. John Pless, a pathologist, who testified concerning the autopsy and the nature of the victim's wounds. Appellant has failed to show that the two controverted photographs, which also were explanatory of testimony from the witness stand, were more prejudicial than the other concededly admissible photographs. See Finch v. State (1984), Ind., 459 N.E.2d 1184. There was no abuse of discretion in the admission of the photographs.
Appellant asserts the trial court erred in failing to instruct the jury on the lesser offense of voluntary manslaughter.
In addressing the issue of the trial court's refusal to give an instruction on a lesser included offense, it must be determined whether the lesser offense is included within the offense charged and whether there was evidence adduced at trial to which the tendered instruction was applicable. Maisonet v. State (1983), Ind., 448 N.E.2d 1052; Tawney v. State (1982), Ind., 439 N.E.2d 582.
Appellant offered no evidence at trial. His tendered instruction was based on the second statement he gave to the police, a tape of which was played for the jury. The crux of the statement was that after the victim attacked appellant, Chester intervened in the fight and proceeded to beat and stab him.
Such evidence does not support a reasonable inference that appellant killed the victim in sudden heat,. See Ind.Code § 35-42-1-8. Appellant in fact denied stabbing the victim. The record is devoid of any evidence establishing either the identity of the person appellant referred to only as Chester or the fact that Chester was actually with appellant and the victim at the time the murder was committed. Appellant's instruction was correctly refused as inapplicable to the evidence adduced at trial. Maisonet, supra.
Appellant contends he should not have been sentenced on both counts because the offenses arose from the same set of facts and therefore the convictions should have been merged.
As discussed in Elmore v. State (1978), 269 Ind. 582, 382 N.E.2d 898, analysis of whether convictions should be merged must be based on double jeopardy principles. The focus of such analysis is on whether the offenses charged are the same and not on whether the offenses arose from the same act or operative cireum-stances. Id. at 589, 382 N.E.2d at 897. For purposes of double jeopardy, offenses are not considered to be the same if each requires proof of at least one element not included in the other. Catrabone v. State (1986), Ind., 490 N.E.2d 272; Brown v. State (1979), 271 Ind. 129, 390 N.E.2d 1000. Because the prosecution was required to prove different elements to obtain the con-viections for murder, Ind.Code § 85-42-1-1, and robbery, Ind.Code § 85-42-5-1, it was proper for the trial court to impose sentences upon both convictions. Elmore, su-prog Brown, supra.
In a related argument, appellant contends the evidence establishes only a murder in the commission of a robbery; therefore, the State should have charged him with felony murder and cannot be permitted to circumvent the merger doctrine by charging him with a knowing murder.
While a defendant may be charged with felony murder, Ind.Code § 35-42-1-1(2), as well as the underlying felony, if he is found guilty of both, the convictions merge and sentences may not be imposed on both counts. Biggerstaff v. State (1982), Ind., 432 N.E.2d 34 (merger of felony murder and arson), Williams v. State *1192 (1978), 267 Ind. 700, 373 N.E.2d 142 (merger of felony murder and armed robbery).
Appellant was not charged with felony murder. Rather, the information alleged that he "did knowingly kill" the vice-tim. At the sentencing hearing, the deputy prosecutor indicated that the State purposely filed an information alleging a knowing murder as opposed to a felony murder. The State retains the choice of whether to allege a knowing or intentional murder under subsection (1) of the murder statute or to allege a murder in the commission of a felony under subsection (2). That choice depends on the evidence available to sustain the differing burdens of proof.
In Nelson v. State (1985), Ind., 479 N.E.2d 48, the appellant argued that his convictions for voluntary manslaughter and burglary merged. Although the voluntary manslaughter conviction was set aside on other grounds, we expressly found that there was no merger between voluntary manslaughter and the underlying felony of burglary. Id. at 51; see also Vincent v. State (1986), Ind., 489 N.E.2d 49 (while merger question was not raised, convictions for murder and robbery arising from same set of facts affirmed). Here, we find the merger doctrine inapplicable to the con-viections for murder under Ind.Code § 85-42-1-1(1) and for robbery.
Appellant's final contention is that the evidence was insufficient to support his convictions. His challenge to the sufficiency of the evidence focuses upon the fact that the State's case was proven primarily by circumstantial evidence. Even though he concedes that "the evidence most favorable to the State in total presents a fairly convincing picture," appellant nonetheless argues the evidence "does not exclude reasonable theories of innocence."
On appellate review, this Court will neither reweigh the evidence nor judge the credibility of the witnesses. Rhinehardt v. State (1985), Ind., 477 N.E.2d 89. We have previously held that where the evidence is primarily circumstantial, it is not necessary to find that every reasonable hypothesis of innocence is overcome. Armstrong v. State (1982), Ind., 429 N.E.2d 647. "It is only necessary that an inference reasonably tending to support the trial court's finding of the defendant's guilt can be drawn from the evidence." Id. at 658.
The evidence clearly supports a reasonable inference supporting the jury's findings. The victim was last seen in the company of appellant. Various witnesses saw appellant driving the victim's car shortly thereafter and testified that appellant claimed to own the car. Appellant drove the car to Kentucky after the victim disappeared, and returned to Indiana after the Kentucky State Police attempted to apprehend him. The victim's body was found in a field near a trailer where appellant sometimes stayed. It was within the jury's province for them to disregard appellant's version of the crime and to instead rely upon the circumstantial evidence in finding him guilty.
The trial court is in all things affirmed.
All Justices concur.