**Scott Jason SIMMONS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 82A01–0302–CR–45.

Court of Appeals of Indiana.

Aug. 19, 2003.

Jon Aarstad, Vanderburgh County Public Defender Agency, Evansville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Zachary J. Stock, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BAILEY, Judge.

### Case Summary

Appellant–Defendant Scott Simmons ("Simmons") appeals his convictions of Battery, one count as a Class C felony and one count as a Class A misdemeanor.[1] We

affirm the Class C felony conviction and vacate the Class A misdemeanor conviction.[2]

### Issues

Simmons presents three issues for review:

I. Whether his Due Process right to notice, under the United States Constitution and Article 1, Section 13 of the Indiana Constitution, was violated when the jury was instructed on Battery as a Class C felony as a lesser-included offense of Aggravated Battery;

II. Whether his Due Process right to notice, under the United States Constitution and Article 1, Section 13 of the Indiana Constitution, was violated when the jury was instructed on Battery as a Class A misdemeanor as a lesser-included offense of Battery by Means of a Deadly Weapon; and

III. Whether his multiple convictions of Battery violate the Double Jeopardy provisions of the Indiana Constitution.

### Facts and Procedural History

On April 27, 2002, Simmons, accompanied by his brother Joe, kicked open the front door of his ex-wife's residence and attacked Robert Koons, Jr. ("Koons"). Simmons struck Koons multiple times in the lower abdomen with an aluminum baseball bat. Koons suffered a lacerated spleen and was hospitalized for seven days following the attack.

On May 2, 2002, the State charged Simmons with Burglary and Aggravated Battery, and also alleged that Simmons is a habitual offender. Subsequently, the

---

1. IND.CODE § 35–42–2–1.

2. Simmons does not contest the determination that he is a habitual offender.

State moved to dismiss the Burglary charge, but filed a charge of Battery by Means of a Deadly Weapon, a Class C felony.

Simmons was tried in a jury trial that commenced on December 2, 2002. The jury was instructed that it could convict Simmons of Class C felony Battery as a lesser-included offense of Aggravated Battery and also that it could convict Simmons of Class A misdemeanor Battery as a lesser-included offense of Battery by Means of a Deadly Weapon. The jury convicted Simmons of the lesser offenses, and Simmons admitted his status as a habitual offender. The trial court imposed upon Simmons an aggregate sentence of ten years imprisonment. Simmons now appeals the battery convictions.[3]

### Discussion and Decision

#### I. Standard of Review

Without objection, the trial court instructed the jury in pertinent part as follows:

> There are certain offense(s) which are included in the specific crime charged in this case. An "included offense" means an offense that:
>
> (1) is established by proof of less than all the material elements required to establish the commission of the offense charged, or
>
> (2) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property or public interest, or a lesser kind of culpability, is required to establish its commission.
>
> Included in the crime of Aggravated Battery, a Class B Felony, are the included offenses of:
> Battery, a Class C Felony; and,
> Battery, a Class A Misdemeanor.

> These included offenses are submitted for your consideration and verdict should you find guilt. Missing or different elements will distinguish any included offense from the specific crime which has been charged. You must resolve reasonable doubt in favor of the accused downward from the specific crime charged through the included offenses. Where there is a reasonable doubt existing in your minds as to which degree of an offense the defendant may be guilty of, he must be convicted of the lower degree only. If there is reasonable doubt as to all, then you must find the defendant not guilty.

(App. 92.)

> Included in the crime of Battery by Means of a Deadly Weapon, a Class C Felony, is the included offense of:
> Battery, a Class A Misdemeanor.

(App. 96.)

Ordinarily, instructing the jury lies within the discretion of the trial court. *Driver v. State,* 760 N.E.2d 611, 612 (Ind. 2002). However, Simmons does not allege mere error in instruction, in which case our review would be highly deferential, and we would reverse the trial court only for an abuse of discretion. *Ledesma v. State,* 761 N.E.2d 896, 897 (Ind.Ct.App. 2002). Rather, Simmons raises a claim of fundamental error. Conviction for an offense without notice to the defendant that he was faced with defending against that charge involves a denial of due process and is fundamental error. *Nelson v. State,* 479 N.E.2d 48, 51 (Ind.1985). A conviction obtained through fundamental error will be set aside. *Id.*

#### II. Instruction on Battery as a Class C Felony

Simmons claims that the State's charge of Aggravated Battery did not place him

---

3. We hereby deny Simmons's Motion for Oral Argument.

on notice that he could be convicted of Battery as a Class C felony, and thus his Due Process rights were violated when the jury was instructed that it could convict him of the lesser offense. He did not object on these grounds at trial and therefore must establish fundamental error.

■■■ A defendant has notice if an offense is specifically charged or if it is an inherently or factually included offense of the charged offense. *Lechner v. State*, 439 N.E.2d 1203, 1205 (Ind.Ct.App.1982). Here, Simmons was convicted of Battery as a Class C felony rather than Aggravated Battery as charged. Thus, the pertinent inquiry is whether the Class C Battery is an inherently or factually included offense of the charged offense, Aggravated Battery. A lesser offense is necessarily included within the greater offense if it is impossible to commit the greater offense without having committed the lesser offense. *Iddings v. State*, 772 N.E.2d 1006, 1016 (Ind.Ct.App.2002), *trans. denied.* We conclude that it is not possible to commit the offense of Aggravated Battery without having committed Battery.

The State charged Simmons as follows: [O]n or about April 27, 2002, Scott Jason Simmons did knowingly inflict injury on Robert Joseph Koons Jr. that created a substantial risk of death to the said Robert Joseph Koons, Jr., by striking the said Robert Joseph Koons, Jr. with a baseball bat, contrary to … I.C. 35–42–2–1.5[.]

(App. 13.) Indiana Code Section 35–42–2–1.5 provides as follows:

A person who knowingly or intentionally inflicts injury on a person that creates a substantial risk of death or causes:

(1) serious permanent disfigurement;

(2) protracted loss or impairment of the function of a bodily member or organ; or

(3) the loss of a fetus;

commits aggravated battery, a Class B felony.

Indiana Code Section 35–42–2–1 provides in pertinent part:

A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is:

(1) a Class A misdemeanor if:

(A) it results in bodily injury to any other person; …

(3) a Class C felony if it results in serious bodily injury to any other person or if it is committed by means of a deadly weapon[.]

■■■ In *Wright v. State*, 658 N.E.2d 563, 566 (Ind.1995), the Indiana Supreme Court set out the analysis that a trial court is to perform when called upon by a party to instruct a jury on a lesser-included offense of the crime charged. First, the court must compare the statute defining the crime charged with the statute defining the alleged lesser-included offense. *Id.* If the alleged lesser-included offense may be established by proof of the same material elements or less than all the material elements defining the crime charged or the only feature distinguishing the alleged lesser-included offense from the crime charged is that a lesser culpability is required to establish the commission of the lesser offense, then the alleged lesser-included offense is inherently included in the crime charged. *Id.* If an offense is inherently included in the crime charged, the court must proceed to Step Three, an examination of the evidence. *Id.* at 567.

■■■ Second, if a trial court determines that an alleged lesser-included offense is not inherently included in the crime charged, then it must compare the statute defining the alleged lesser-included offense

with the charging instrument in the case. *Id.* If the alleged lesser-included offense is neither inherently nor factually included in the crime charged, then the trial court should not give a requested instruction on the alleged lesser-included offense. *Id.*

■ Third, if a trial court has determined that an alleged lesser-included offense is either inherently or factually included in the crime charged, it must look at the evidence presented in the case. *Id.* If there is a serious evidentiary dispute about the element or elements distinguishing the greater from the lesser offense and if a jury could conclude that the lesser offense was committed but not the greater, then it is reversible error for a trial court not to give an instruction, when requested, on the inherently or factually included lesser offense. *Id.*

The Court acknowledged that Indiana Code Section 35–41–1–16(3) also defines a lesser-included offense as one that "differs from the offense charged only in respect that a less serious harm or risk of harm to the same person, property, or public interest is required to establish its commission," but left for an appropriate case the decision on whether a lesser-included offense of this category should be treated as an inherently lesser-included offense for the purpose of deciding whether to instruct a jury on the lesser-included offenses. *Id.* at 566 n. 2.[4]

■ Here, the lesser-included offense falls squarely within this last category. The element that distinguishes Aggravated Battery from Battery is the nature of the injury caused by the touching. *Salone v. State,* 652 N.E.2d 552, 559 (Ind.Ct.App. 1995). Battery as a Class A misdemeanor involves bodily injury; Battery as a Class C felony involves serious bodily injury. *Id.* Aggravated Battery involves an injury that creates a substantial risk of death or causes serious permanent disfigurement or protracted loss or impairment of the function of a bodily member or organ. *Id.* By the statutory definition of Indiana Code Section 35–41–1–16(3), Battery is an inherently included offense of Aggravated Battery. Therefore, Simmons was on notice that he could be convicted of Battery as a Class C felony and has established no fundamental deprivation of Due Process.

### III. Instruction on Battery as a Class A Misdemeanor

Simmons also claims that the State's charge of Battery by Means of a Deadly Weapon did not place him on notice that he could be convicted of Battery as a Class A misdemeanor, and thus his Due Process rights were violated when the jury was instructed that it could convict him of the lesser offense.[5] The State contends that this Court need not address the Constitutional argument.

The State argues that Battery with bodily injury, a Class A misdemeanor, is an

---

4. In *Goudy v. State,* 689 N.E.2d 686, 698 (Ind.1997), the Court relied in part on subsection (3) of Indiana Code Section 35–41–1–16 to conclude that carjacking was a lesser-included offense of Robbery as a Class A felony as charged, observing that "carjacking 'differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person ... is required to establish its commission.' "

5. Alleging Battery by Means of a Deadly Weapon, a Class C felony, the State charged Simmons as follows:

[O]n or about April 27, 2002, Scott Jason Simmons, did knowingly touch Robert Joseph Koons, Jr., in a rude, insolent or angry manner by striking the said Robert Joseph Koons, Jr. and did commit the crime of battery as aforesaid by means of a certain deadly weapon, to-wit: a baseball bat, contrary to ... I.C. 35–43–2–1[sic][.]
(App. 51.)

inherently included offense of Aggravated Battery, which requires serious bodily injury and concedes, on statutory grounds, that Simmons's conviction of Battery as a Class A misdemeanor should be vacated. *See* IND.CODE § 35–38–1–6 (providing that "Whenever a defendant is charged with an offense and an included offense in separate counts; and the defendant is found guilty of both counts; judgment and sentence may not be entered against the defendant for the included offense").

However, Simmons was not convicted of Aggravated Battery as charged. Nor was he charged with the included offense of Battery with bodily injury, a Class A misdemeanor. Thus, Indiana Code Section 35–38–1–6 is not directly applicable and, although we agree with the State that the Class A misdemeanor conviction should be vacated, we do so on common law rather than statutory grounds.

Indiana courts have " 'long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson.*' " *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind.2002) (quoting *Pierce v. State*, 761 N.E.2d 826, 830 (Ind.2002)).

 This body of common law includes five categories, the first of which is also presumably covered by constitutional double jeopardy analysis: (1) conviction and punishment for a crime which is a lesser-included offense of another crime for which the defendant has been convicted and punished;[6] (2) conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished; (3) conviction and punishment for a crime which consists of the very same act as an element of another crime for which the defendant has been convicted and punished; (4) conviction and punishment for an enhancement of a crime where the enhancement is imposed for the very same behavior or harm as another crime for which the defendant has been convicted and punished; and (5) conviction and punishment for the crime of conspiracy where the overt act that constitutes an element of the conspiracy charge is the very same act as another crime for which the defendant has been convicted and punished. *Id.* (citing *Richardson*, 717 N.E.2d at 55–56).

 Simmons was convicted of Battery, a Class C felony, and also convicted of Battery, a Class A misdemeanor.[7] The act alleged in support of both the Battery convictions is the same—that of striking Koons with a baseball bat. As such, the second common law rule discussed in *Guyton* prohibits Simmons's conviction of Class A misdemeanor Battery. We vacate that conviction.

### IV. Double Jeopardy

Our resolution of the foregoing issue renders consideration of Simmons's Dou-

---

6. This category does not include situations where the two crimes have multiple victims, or where the crimes occur separately and independently of each other. *Richardson v. State*, 717 N.E.2d 32, 55 (Ind.1999).

7. Battery as a Class A misdemeanor is not inherently included within Battery as a Class C felony. Battery as a Class C felony requires that the act result in serious bodily injury *or* is committed by means of a deadly weapon.

Class A misdemeanor Battery requires bodily injury. As it is possible to inflict a rude, insolent or angry touch with a deadly weapon in a manner that does not produce bodily injury, it is possible to commit Class C felony Battery, the greater offense, without having committed the lesser offense of Class A misdemeanor Battery. Thus, Class A misdemeanor Battery is not inherently included in Class C felony battery. *Iddings*, 772 N.E.2d at 1016.

ble Jeopardy argument premised upon the Indiana Constitution unnecessary.

Affirmed in part and vacated in part.

KIRSCH, J., and VAIDIK, J., concur.