**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 30 2014, 9:55 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**RANDY M. FISHER**
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TARAINKA A. CAIN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A03-1402-CR-63 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

### APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D06-1306-FD-699

**September 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

Appellant-Defendant Tarainka A. Cain appeals her convictions for Class D felony criminal recklessness, Class A misdemeanor battery, Class B felony aggravated battery, and Class C felony criminal recklessness. Cain struck Toesha Scott in the head with a glass beer bottle, breaking the bottle and severely lacerating Scott's face. Cain argues that Appellee-Plaintiff the State of Indiana failed to present sufficient evidence to negate her claim of self-defense. Finding that Cain and Scott were engaged in mutual combat when Cain struck Scott with the beer bottle, we conclude that the State sufficiently negated Cain's self-defense claim. Cain also argues that her convictions violate Indiana's prohibition against double jeopardy. Finding each of Cain's convictions to be supported by the same alleged act—that of striking Scott with a beer bottle—we conclude that Indiana common law prohibits Cain's convictions for Class D felony criminal recklessness, Class A misdemeanor battery, and Class C felony criminal recklessness. Only Cain's Class B felony aggravated battery conviction can stand. We affirm in part and vacate in part.

## FACTS AND PROCEDURAL HISTORY

On June 15, 2013, Cain and Scott attended a bridal shower for Scott's cousin Candace at a home located on Gay Street in Fort Wayne. Scott's sister, Tekee, was also in attendance. Following the bridal shower, the attendees all walked to the nearby Veterans of Foreign Wars post ("the VFW") for drinks. At some point, Scott and Tekee got into a physical altercation in the VFW bathroom. Cain intervened and separated Scott and Tekee. As the three exited the bathroom, Scott asked Cain why she had intervened, and a fight between Scott and Cain ensued. Once the fight was broken up, everyone was asked to

2

leave the VFW.

Back at the Gay Street home, Scott apologized to Candace for fighting with Cain and getting everyone kicked out of the VFW. Cain interrupted Scott's apology from several feet away, stating, "I'm going to beat you're a** again." Tr. p. 180. Scott then turned and approached Cain, clapping her hands while stating, "[S]ounds like you would beat my a**, you going to beat my a**[.] What is your issue?" Tr. p. 181. Another fight between Scott and Cain ensued, during which Cain struck Scott in the head with a glass beer bottle, breaking the bottle and severely lacerating Scott's face. Scott fell to the ground, and Cain fled the scene.

On June 20, 2013, the State charged Cain with Count I, Class D felony criminal recklessness; and Count II, Class A misdemeanor battery. On July 12, 2013, the State added Count III, Class B felony aggravated battery; and Count IV, Class C felony criminal recklessness. On September 26, 2013, the State added Count V, Class C felony criminal recklessness, and, on October 7, 2013, the State dismissed Count IV. A jury trial was held on January 8, 2013, during which Cain argued that she struck Scott with the beer bottle in self-defense. The jury found Cain guilty as charged. On February 5, 2014, the trial court sentenced Cain to one year and one hundred eighty-three days on Count I, one year on Count II, ten years with six years executed on Count III, and four years on Count V. All of Cain's sentences were ordered to be served concurrently, for an aggregate sentence of ten years with six years executed.

## DISCUSSION AND DECISION

### I. Self-Defense

3

Cain argues that the State presented insufficient evidence to negate her claim of self-defense.

> A valid claim of defense of oneself or another person is legal justification for an otherwise criminal act. Ind. Code § 35-41-3-2(a); *Wallace v. State*, 725 N.E.2d 837, 840 (Ind. 2000). In order to prevail on such a claim, the defendant must show that he: (1) was in a place where he had a right to be; (2) did not provoke, instigate, or participate willingly in the violence; and (3) had a reasonable fear of death or great bodily harm. *McEwen v. State*, 695 N.E.2d 79, 90 (Ind. 1998). When a claim of self-defense is raised and finds support in the evidence, the State has the burden of negating at least one of the necessary elements. *Id.* If a defendant is convicted despite his claim of self-defense, this Court will reverse only if no reasonable person could say that self-defense was negated by the State beyond a reasonable doubt. *Taylor v. State*, 710 N.E.2d 921, 924 (Ind. 1999). … The standard of review for a challenge to the sufficiency of evidence to rebut a claim of self-defense is the same as the standard for any sufficiency of the evidence claim. *Sanders v. State*, 704 N.E.2d 119, 123 (Ind. 1999). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Id.*

*Wilson v. State*, 770 N.E.2d 799, 800-01 (Ind. 2002).

Cain acknowledges that she struck Scott with the beer bottle while the two were engaged in "mutual combat" but claims she and Scott only "began fighting each other … after Ms. Scott aggressively approached Ms. Cain, poking her and making hand gestures in her face." Appellant's Br. p. 14. "[A] mutual combatant, whether or not the initial aggressor, must declare an armistice before he or she may claim self-defense." *Wilson v. State*, 770 N.E.2d 799, 801 (Ind. 2002); Ind. Code § 35-41-3-2(g)(3). Cain does not assert, nor does the record reveal, that she communicated the requisite desire to stop fighting before she struck Scott with the beer bottle. Therefore, we conclude that a reasonable

4

person could say that self-defense was negated by the State beyond a reasonable doubt. *See Wilson*, 770 N.E.2d at 801.

## II. Double Jeopardy

Cain also argues that her convictions violate Indiana's prohibition against double jeopardy. Whether convictions violate double jeopardy is a pure question of law, which we review *de novo*. *Rexroat v. State*, 966 N.E.2d 165, 168 (Ind. Ct. App. 2012), *trans. denied*. Article 1, Section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense."

> In *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999), our Supreme Court concluded that two or more offenses are the same offense in violation of Article I, Section 14 if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to obtain convictions, the essential elements of one challenged offense also establish the essential elements of another challenged offense.

*Vermillion v. State*, 978 N.E.2d 459, 464 (Ind. Ct. App. 2012).

Additionally, "Indiana courts have 'long adhered to a series of rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson*.'" *Simmons v. State*, 793 N.E.2d 321, 327 (Ind. Ct. App. 2003) (quoting *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002). This body of common law includes conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been convicted and punished. *Davis v. State*, 770 N.E.2d 319, 324 (Ind. 2002) (finding defendant's act of stabbing victim could not support conviction for both Class A felony burglary and attempted murder); *Simmons*, 793 N.E.2d at 327 (finding defendant's act of striking victim

with a baseball bat could not support conviction for battery as both a Class C felony and Class A misdemeanor).

Cain claims that the act alleged in support of each of her four convictions is the same—that of striking Scott in the head with a beer bottle. The State contends that Cain struck Scott with the bottle three times, each a separate act supporting Cain's convictions on Counts I, II, and III, respectively.[1] We agree with Cain. Although there was evidence before the jury that Cain struck Scott with a beer bottle three times, a review of the charging informations and the State's opening and closing arguments reveals that only the strike that severely lacerated Scott's face was presented in support of Cain's convictions. The State made no attempt to differentiate the other two alleged strikes as supporting separate convictions. *See Rutherford v. State*, 866 N.E.2d 867, 872 (Ind. Ct. App. 2007) (discussing such differentiation under the *Richardson* "same evidence" test). Only Cain's conviction on Count III can stand; therefore, we vacate Cain's convictions on Counts I, II, and V.

The judgment of the trial court is affirmed in part and vacated in part.

BARNES, J., and BROWN, J., concur.

---

[1] The State seems to concede that Cain's conviction on Count V is a double jeopardy violation.