## MEMORANDUM DECISION

Pursuant to [Ind. Appellate Rule 65(D)](#), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 27 2020, 8:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
– Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

John R. Millikan
Angela Sanchez
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alvin Coleman Carter, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 27, 2020 <br><br> Court of Appeals Case No. <br> 19A-CR-1685 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Therese A. Hannah, Magistrate <br><br> Trial Court Cause No. <br> 49G08-1811-CM-39436 |

**Mathias, Judge.**

[1]     Following a bench trial, Alvin Coleman Carter ("Carter") was found guilty of Class A misdemeanor carrying a handgun without a license, Class B

misdemeanor disorderly conduct, and Class B misdemeanor public intoxication, for which the trial court entered judgments of conviction. Carter argues that his Class B misdemeanor convictions violate double jeopardy and that resentencing is warranted to correct discrepancies between the trial court's oral and written sentencing orders.

[2] We affirm in part and remand with instructions to vacate in part and resentence.

## Facts and Procedural History

[3] Around 7:00 p.m. on November 11, 2018, the Indianapolis Metropolitan Police Department ("IMPD") received several 911 reports of shots fired on the southeast side of Indianapolis. The callers described the sound of multiple weapons being fired from a white sedan in the parking lot of an apartment complex. Officer Eric Snowden responded; he located the white sedan and illuminated it and the three men inside with his spotlight. The front seat passenger—later identified as Carter—and the back seat passenger appeared to be making furtive "shoving" movements toward the driver. Tr. p. 7. When backup arrived, officers ordered the three men to exit the vehicle; as the driver stepped out of the car, a handgun fell from his lap. Two more handguns were discovered in the driver's waistband when he was patted down. No weapons were discovered on Carter or the other passenger. The driver was licensed to carry a handgun in public; Carter and the other passenger were not.

[4] The search and seizure in the parking lot and the attendant yelling drew the neighbors' attentions. Carter and the other passenger shouted profanities at the officers and refused repeated requests to quiet down. The men were belligerent and visibly intoxicated, smelling of alcohol and using slurred speech. Because a "hostile" crowd had gathered around the scene, officers arrested the men and left the scene without searching for shell casings. Tr. p. 13.

[5] On November 12, Carter was charged with Count I, Class A misdemeanor carrying a handgun without a license; Count II, Class B misdemeanor disorderly conduct; and Count III, Class B misdemeanor public intoxication. A bench trial was held on June 19, 2019, at which time the trial court heard testimony from Officer Snowden and from a gun liaison officer responsible for processing the weapons recovered at the scene. Carter was found guilty as charged, and a sentencing hearing was set for one week later. On June 26, the trial court pronounced Carter's sentence as follows: for Count I, 365 days of incarceration with 357 suspended to probation; for Counts II and III, "time served." Tr. p. 38.

[6] A conflicting written sentencing order was issued the same day, imposing 180-day sentences for Counts II and III, with 172 days suspended. Appellant's App. p. 12. Whether the 180-day sentences were concurrent or consecutive to the 365-day sentence was not specified. A second written sentencing order was issued on August 22, imposing consecutive 90-day sentences for Counts II and III, with 82 and 80 days suspended, respectively. Appealed Order, p. 1. This appeal followed.

# Double Jeopardy

[7] Carter argues that his convictions for disorderly conduct[1] and for public intoxication[2] violate principles of double jeopardy. He asserts that the evidence presented to prove he was guilty of public intoxication was the same evidence presented to prove he was guilty of disorderly conduct, in violation of the Indiana Constitution. The State disputes that Carter's convictions were not proven by unique evidentiary facts. Whether multiple convictions violate double jeopardy is a question of law that we review de novo. *Hines v. State*, 30 N.E.3d 1216, 1219 (Ind. 2015). And on appeal, it is the defendant's burden to show that his convictions violate his constitutional right to be free from double jeopardy. *Boyd v. State*, 766 N.E.2d 396, 400 (Ind. Ct. App. 2002).

## I. *'Actual Evidence' Constitutional Test*

[8] The double jeopardy clause of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. Art. 1, § 14. Multiple convictions are violative of this constitutional protection against double jeopardy if there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged

---

[1] As a Class B misdemeanor, defined by statute as "[a] person who recklessly, knowingly, or intentionally . . . makes unreasonable noise and continues to do so after being asked to stop[.]" Ind. Code § 35-45-1-3(a)(2).

[2] Defined by statute as a Class B misdemeanor when "a person [is] in a public place or a place of public resort in a state of intoxication caused by the person's use of alcohol [], if the person . . . breaches the peace or is in imminent danger of breaching the peace[.]" I.C. § 7.1-5-1-3(a)(3).

offense." *Richardson v. State*, 717 N.E.2d 32, 53 (Ind. 1999); *see also Alexander v. State*, 768 N.E.2d 971 (Ind. Ct. App. 2002), *aff'd on reh'g*, 772 N.E.2d 476, *trans. denied*. Thus, the "actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts." *Richardson*, 717 N.E.2d at 53.

[9] The charging information alleged as to Count II, disorderly conduct, that Carter "recklessly, knowingly or intentionally [made] an unreasonable noise; and continued to do so after being asked to stop." Appellant's App. p. 51. The State presented evidence in the form of Officer Snowden's testimony that Carter unreasonably yelled profanities and ignored the police officers' repeated directions to quiet down. For Count III, public intoxication, the charging information alleged that Carter was "found at a public place or a place of public resort, in a state of intoxication caused by the person's use of alcohol or a controlled substance [as defined by statute]; and further, [that he] either breached the peace or was in imminent danger of breaching the peace[.]" *Id.* The State presented evidence that Carter smelled of alcohol, had bloodshot eyes, and slurred his speech while yelling profanities. Officer Snowden testified that the unreasonable noise Carter made in a public, residential area drew the attention of neighbors and caused a hostile crowd to gather, in breach of the peace.

[10] The trial court determined from this evidence that Carter committed disorderly conduct when he made unreasonable noise and refused directions to stop; and, he committed public intoxication by being intoxicated in a public area and

causing a breach or an imminent breach of the peace. The disorderly conduct offense did not require evidence that Carter was intoxicated, nor did it require evidence that Carter's actions breached the peace. *Compare* Ind. Code § 35-45-1-3(a)(2), *with* I.C. § 7.1-5-1-3(a)(3). Thus, these crimes included evidence or facts not essential to the other, that is to say, each offense required proof of at least one unique evidentiary fact. Because Carter failed to demonstrate a reasonable probability that the trial court used the same evidentiary facts to establish both offenses, we hold that his convictions did not, under the 'actual evidence' test, violate the constitutional prohibition against double jeopardy.

## II.  Common Law Double Jeopardy

[11]     Nevertheless, we adhere to a series of rules of statutory construction and common law often described as double jeopardy but not governed by the 'actual evidence' constitutional test. *Pierce v. State*, 761 N.E.2d 826, 830 (Ind. 2002). One of these common law rules prohibits "[c]onviction and punishment for a crime which consists of the very same act as an element of another crime for which the defendant has been convicted and punished." *Richardson*, 717 N.E.2d at 55 (Sullivan, J., concurring) (giving the example of a confinement conviction vacated because it was coextensive with the behavior necessary to establish an element of a robbery conviction). Carter asserts that his convictions for disorderly conduct and public intoxication run afoul of this common law rule

because the act underlying his conviction for the former is the same as the act that constitutes an element of his conviction for the latter.[3]

[12] The act underlying Carter's conviction for disorderly conduct was his refusal to stop shouting profanities at police officers. An element of the other crime—public intoxication—is that the intoxicated individual breaches the peace by his actions. The act underlying Carter's conviction for public intoxication was the very same act as the act underlying his conviction for disorderly conduct: Carter shouted belligerently at police officers. As a result of his shouting, the State's evidence was that a "hostile" crowd of neighbors gathered to see the commotion, constituting a breach of the peace. Tr. p. 13. The State summarized the evidence supporting Counts II and III during closing argument:

> As to Count Two, Disorderly Conduct; Officer Snowden testified that while the defendant Mr. Carter was detained he began yelling profanities. Officers testified that he was very loud, loud enough for people to empty out into the street and come outside. It was around 8pm when Officers asked him to quiet down multiple times, therefore the State has proven that Mr. Carter knowingly, intentionally, recklessly made an unreasonable noise and refused to quit after being asked by Officers including Officer Snowden.

---

[3] We note that in its Appellee's Brief, the State presented no argument as to the merits of Carter's common law double jeopardy argument. We need not develop an argument for the appellee and will apply a less stringent standard of review to the appellant's argument. *Vandenburgh v. Vandenburgh*, 916 N.E.2d 723, 725 (Ind. Ct. App. 2009). The appellee's failure to provide an argument, however, does not relieve us of our obligation to correctly apply the law to the facts in order to determine whether vacation due to double jeopardy is required. *Id.*

Count Three, as to Public Intoxication, they were on a public road when this occurred. [] Officer Snowden noticed signs of intoxication. He could tell [the other passenger] and Mr. Carter were both acting belligerent, slurring their speech, eyes were red, smelled of alcohol, Officer Snowden is an officer that has received training in detecting intoxication, he has come into contact with hundreds of intoxicated individuals. He formed an opinion that [] Mr. Carter was intoxicated. Again, he was on a public street, **based on his refusal to quiet down and disruption of the neighborhood by creat[ing] the loud scene, he was found in a public place, was in the state of intoxication and was breeching [sic] the peace by his unruly behavior.**

Tr. pp. 27–28, (emphasis added).

At trial, the State made no further argument nor presented evidence of other actions taken by Carter to breach the peace. That is, given how this case was charged and proven, Carter's conviction for disorderly conduct was based on the very same act—him shouting profanities—which formed an essential element of public intoxication: a disturbance resulting in breach of the peace. Because Carter's conviction for disorderly conduct is coextensive with the behavior necessary to establish an element of his conviction for public intoxication, the common law rule against double jeopardy was violated when the trial court entered judgments of conviction for both offenses. *See Richardson,* 717 N.E.2d at 56 (Sullivan, J., concurring) (defendant should not be punished for the crime of conspiracy where one element of conspiracy "is the very same act as another crime for which the defendant has been convicted and punished."); *see also Simmons v. State,* 793 N.E.2d 321 (Ind. Ct. App. 2003) (finding common law double jeopardy violation where act of striking victim

with a bat was the very same act alleged in support of convictions for battery as a Class C felony and battery as a Class A misdemeanor).

### III.   Remedy

The trial court should have entered judgment of conviction for only one of Carter's Class B misdemeanor offenses. "When two convictions are found to contravene Indiana double jeopardy principles . . . one of the convictions must be vacated." *Owens v. State*, 742 N.E.2d 538, 544–45 (Ind. Ct. App. 2001) (internal citation omitted), *trans. denied*. In most cases in which a double jeopardy violation is found, the reviewing court simply orders the conviction that is the lower class of crime to be vacated. *See Gregory v. State*, 885 N.E.2d 697, 703 (Ind. Ct. App. 2008) (remanding to vacate conviction where a double jeopardy violation occurred and "cannot be remedied by the practical effect of concurrent sentences or by merger after conviction has been entered.") (citation omitted), *trans. denied*. Here, however, both offenses are Class B misdemeanors and therefore "of equal severity." *Noble v. State*, 734 N.E.2d 1119, 1125 (Ind. Ct. App. 2000), *trans. denied*. And, as is discussed *supra*, due to discrepancies in the trial court's sentencing orders, we cannot say with certainty that there are "no more or less severe penal consequences for vacating one [offense] instead of the other." *Id.* at 1126. Accordingly, we remand this case to the trial court with instructions to vacate one of Carter's Class B misdemeanor convictions. If, in resentencing Carter for Counts II and III, the sentences vary in severity, the conviction with the less severe consequence should be vacated. *See Moala v. State*, 969 N.E.2d 1061 (Ind. Ct. App. 2012) (discussing why Class C

misdemeanor conviction with more severe penal consequences than Class B misdemeanor conviction must be vacated in double jeopardy context).

### IV. Sentencing Error

[15] Carter argues and the State concedes that remand for resentencing is appropriate to allow the trial court to correct discrepancies between its statements at the sentencing hearing and its subsequent written orders. Our approach to reviewing sentences in non-capital cases is to examine both the written and oral sentencing statements to discern the findings of the trial court. *Corbett v. State*, 764 N.E.2d 622, 631 (Ind. 2002). We do not presume the superior accuracy of an oral sentencing statement; rather, we examine it alongside the written sentencing statement "to assess the conclusions of the trial court." *McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007). We may credit the statement that accurately pronounces the sentence or remand for resentencing. *Willey v. State*, 712 N.E.2d 434, 446 n.8 (Ind. 1999).

[16] Here, only the sentence imposed for Count I, carrying a handgun without a license as a Class A misdemeanor, was consistent throughout the sentencing orders: one year with 357 days suspended to probation. The sentences for Counts II and III, however, were initially expressed during the sentencing hearing as consisting of "time served," and nothing further. Tr. p. 38. Then, in a sentencing order issued the day of the sentencing hearing, on June 26, 2019, the trial court imposed for each of Count II and Count III a 180-day sentence with 172 days suspended, but did not specify whether those sentences were to be served concurrent or consecutive. Appellant's App. pp. 12–13. Yet a third

sentencing order, dated August 22, 2019, imposed consecutive 90-day sentences with 82 and 80 days suspended to probation for Counts II and III, respectively.

[17] This case is an example of an oral sentencing statement of inferior accuracy as compared to the subsequent written orders. Accordingly, we do not attempt to credit any one of the three sentencing pronouncements and instead remand for resentencing. Remand is also warranted to correct the double jeopardy error that arose from Carter's convictions for disorderly conduct and public intoxication, as explained *supra*.

## Conclusion

[18] Carter's protection from double jeopardy was violated by his convictions for disorderly conduct and public intoxication, the underlying bases for which constituted the same act. Therefore, we affirm his conviction for Class A misdemeanor carrying a handgun without a license and affirm one Class B misdemeanor conviction. We remand with instructions to vacate the other Class B misdemeanor conviction and resentence Carter accordingly.

[19] Affirmed in part, vacated in part, and remanded with instructions.

Kirsch, J., and Bailey, J., concur.